IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **NUTECH VENTURES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 8:12CV289 |
| | ) | |
| V. | ) | |
| | ) | |
| **SYNGENTA SEEDS, INC., and** | ) | ORDER |
| **TRENTON AGRI PRODUCTS LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

The parties have jointly moved for the entry of a protective order (filing 55) to govern the use and disclosure of confidential information produced in this case. The parties are in substantial agreement regarding the terms of the protective order. However, they disagree on whether Plaintiff's in-house personnel should be permitted access to Defendants' highly-confidential financial documents and information. The parties have requested that the Court resolve this dispute.

## BACKGROUND

Plaintiff is a non-profit organization associated with the University of Nebraska-Lincoln ("UNL"). (Filing 1.) Plaintiff works with professors and students of UNL to protect inventions generated from their research by obtaining patents or other intellectual property. (*Id*.) Plaintiff also works to transfer protected technology from the University to commercial partners that will introduce the technology to the marketplace. (*Id*.)

Defendant Syngenta Seeds, Inc. ("Syngenta") is a global agribusiness involved in crop protection products, seeds, and professional agricultural products. (*Id*.) Defendant Trenton Agri Products ("Trenton") is an ethanol production plant. (*Id*.) Trenton uses a genetically-modified corn product called Enogen, which is produced by Syngenta, for the production of ethanol. (*Id*.) On August 15, 2012, Plaintiff filed this suit alleging that Trenton's use of Enogen in ethanol production infringes upon U.S. Patent No. 6,506,592 (the "Patent"), which Plaintiff purportedly owns by assignment. (*Id*.)

**DISCUSSION**

A court may issue a protective order to prevent or limit discovery in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

As noted previously, the parties agree on the majority of terms for the protective order. Also, the parties have agreed that access to Defendants' highly-sensitive technical information will be limited to outside counsel. The dispute at issue here centers around whether access to Defendants' highly-confidential financial documents should likewise be limited to outside counsel. Plaintiff maintains that in-house personnel must have access to all of Defendants' financial documents in order to facilitate case assessment and to inform potential settlement discussions. Defendants argue, however, that allowing in-house personnel such access creates a risk that Plaintiff could use this information for undue leverage in future licensing negotiations, acquisitions, and litigation, involving not only Syngenta, but others in the industry.

A protective order denying access to an adverse party's confidential information is appropriate when a risk of inadvertent disclosure of confidential information exists because the persons seeking access are involved in competitive decision-making. *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). Access to confidential information by in-house personnel "should be governed by the facts." *Id*. at 1468-69.

Considering the totality of the circumstances, the Court finds that the protective order should limit access to highly confidential financial information to outside counsel. Plaintiff is in the business of licensing and enforcing patents. Plaintiff and Defendants "all seek to utilize, in one manner or another, intellectual property as part of a business model for pecuniary gain." *ST Sales Tech Holdings, LLC v. Daimler Chrysler Co., LLC*, Civ. A. 6:07-CV-346, 2008 WL 5634214, *6 (E.D. Tex. Mar. 14, 2008). Although the parties may not be direct competitors "in the traditional understanding of the term," Defendants' sensitive financial information could be of significant competitive value because Plaintiff could use this category of information in existing and future licensing activities. *Id*. "It is that ultimate

potential for damaging use of the confidential information that underlies the concerns of Rule 26 and the *U.S. Steel Corp.* 'competitive decisionmaker' analysis." *Id*.

Moreover, the inclusion of an "outside counsel only" limiting provision in the protective order will not prejudice Plaintiff or impair its ability to effectively participate in settlement negotiations. Certain agreed-upon provisions of the proposed protective order provide avenues for in-house access to information purportedly necessary to aid in settlement negotiations. For instance, the parties have already agreed that (1) a party may seek down-designation of certain documents and (2) counsel may give advice and opinions to his/her client regarding litigation based on evaluation of highly confidential information without revealing the content of the protected information. Pursuant to these terms, Plaintiff's counsel can provide in-house personnel advice based on the information contained in the financial documents and Plaintiff can seek in-house access to financial documents deemed to be highly confidential, with such requests to be evaluated on a document by document basis.

Accordingly,

**IT IS ORDERED** that the joint motion for a protective order (filing 55) is granted as set forth above. By June 13, 2013, the parties shall jointly submit to the Court an amended proposed order which incorporates the decision of the Court as delineated herein.

**DATED June 3, 2013.**

                                        **BY THE COURT:**

                                        **S/ F.A. Gossett**
                                        **United States Magistrate Judge**