## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **NUTECH VENTURES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:12CV289** |
| | ) | |
| V. | ) | |
| | ) | |
| **SYNGENTA SEEDS, INC., and** | ) | **ORDER** |
| **TRENTON AGRI PRODUCTS LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion to Compel Interrogatory Responses (filing 52). For the reasons set forth below, Plaintiff's motion will be granted, in part.

### BACKGROUND

This is a patent infringement case in which Plaintiff asserts that Defendants infringe upon United States Patent No. 6,506,592 (the "Patent"). (Filing 1.) Plaintiff's Complaint alleges that Defendant Syngenta Seeds, Inc.'s ("Syngenta") infringement of the Patent is willful. (*Id*.)

On February 14, 2013, United States Magistrate Judge Cheryl Zwart issued a Progression Order which included a discovery schedule related to claim construction. (Filing 37.) Judge Zwart's order provided that all other discovery could go forward while the parties were involved in the claim construction process. Specifically, the Progression Order states:

> Nothing in this Progression Order is intended to limit the parties' ability to conduct discovery not specifically related to claims construction either prior to, or upon completion of, the Markman hearing.

(*Id*.)

On February 18, 2013, Plaintiff served Defendants with interrogatories, seeking

Defendants' contentions on various issues. (Filing 52-4.) Plaintiff maintains that one such interrogatory focuses on Syngenta's claim that its alleged infringement is not willful, and another relates to Defendants' defenses of laches, equitable estoppel, patent misuse and unclean hands. On February 26, 2013, Plaintiff served another set of interrogatories, seeking financial information pertaining to Plaintiff's claim for damages. (Filing 52-5.)

On May 1, 2013, Plaintiff filed the instant Motion, arguing that Syngenta's responses to Interrogatory Nos. 3, 4 and 6, and Trenton's answers to Interrogatory Nos. 2 and 4, are incomplete. In opposition to the Motion, Defendants assert that they have already provided substantive responses to the interrogatories. Moreover, Defendants maintain that the parties' short-term efforts should be focused on claim construction discovery, which must be completed by June 21, 2013. Defendants argue that Plaintiff's motion, which seeks to compel responses to interrogatories that do not involve claim construction, should be denied as unsupported and premature.

## DISCUSSION

Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." Moses v. Halstead, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnote omitted).

Defendants argue that they have provided sufficient responses to the interrogatories at this point in the litigation. Interrogatory No. 2, addressed to Trenton, and Interrogatory No. 6, addressed to Syngenta, seek financial and production information related to the accused products. Defendants formally responded to these interrogatories by stating that "at the appropriate time" they would "produce such nonobjectionable, nonprivileged documents that exist in [their] possession, custody, or control." (Filings 52-7 and 52-8.) Relying on Fed. R. Civ. P. 33(d), Defendants now claim that their responses are adequate because they have produced documents from which answers to the interrogatories can be derived.

Judge Zwart was clear in her Progression Order that discovery unrelated to claim construction can go forward. Therefore, Defendants' argument that Plaintiff's motion is premature because the interrogatories seek information unrelated to claim construction is without merit. Moreover, while Defendants are correct that a party may respond to interrogatories by identifying documents, to do so, the responding party must specify the documents in sufficient detail so as to enable the requesting party to locate them. Defendants have not done so. Therefore, within 45 days of this Order, Defendants shall supplement their responses by identifying the appropriate documents.

Interrogatory Nos. 3 and 4 seek Defendants' contentions regarding willful infringement and the equitable defenses plead by Defendants. Interrogatory No. 3 states:[1]

> Separately for each Defendant, if you contend that you have not willfully infringed any claim of the asserted patents, describe in detail the complete factual and legal basis for your contention, including in the answer (a) the dates on which you first became aware of the asserted patents, (b) the manner in which you became aware of the asserted patents, (c) the persons associated with you who first became aware of the asserted patents, (d) an identification of any opinion, oral or written, received by you concerning the asserted patents (including the author, date, and recipients of any such opinion), and (e) whether you intend to rely on any such opinion as a defense to willful infringement.

([Filing 52-4](#).) Interrogatory No. 4 provides: "Separately for each Defendant, state the basis for your contention that the relief sought by Plaintiff is barred in whole or in part under one or more of the doctrines of laches, estoppel, misuse and/or unclean hands." (*Id*.) In response to Interrogatory No. 3, Syngenta referred to its responses to other interrogatories. Defendants' response to Interrogatory No. 4 set forth objections and provided some factual information. Plaintiff claims that Defendants' responses to these interrogatories are inadequate because they do not provide all the factual information requested.

"Courts have considerable discretion in determining when contention interrogatories must be answered, and there is considerable support for deferring answers to contention

---

[1] Interrogatory No. 3 is only directed to Syngenta.

interrogatories until after a substantial amount of discovery has been completed." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007). "At a minimum, courts may find contention interrogatories premature where no significant discovery has taken place." *Vishay Dale Electronics, Inc. v. Cyntec Co., Ltd.*, No. 8:07CV191, 2008 WL 4868772, *5 (D. Neb. Nov. 6, 2008) (internal quotation and citation omitted).

The Court finds that Syngenta must provide a more detailed response to Interrogatory No. 3, as it seeks some factual information that is likely within Syngenta's possession at this time. To the extent possible at this point in the litigation, Syngenta shall provide the following factual information: (1) the dates on which Syngenta first became aware of the asserted patents, (2) the manner in which Syngenta became aware of the asserted patents, and (3) the persons associated with Syngenta who first became aware of the asserted patents. Syngenta shall supplement its response to Interrogatory No. 3 within 45 days of this Order.

With respect to Interrogatory No. 4, the Court finds Defendants' response sufficient at this time. The information requested through this interrogatory primarily focuses on Plaintiff's actions. Additional discovery and investigation is warranted before requiring Defendants to provide a more detailed response.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Interrogatory Responses (filing 52) is granted, in part, as set forth above. Defendant Trenton shall supplement its response to Interrogatory No. 2 at issue in this Motion and Syngenta shall supplement its responses to Interrogatory Nos. 3 and 6 at issue in this Motion. Defendants shall supplement their responses within 45 days of this Order. Plaintiff's Motion is otherwise denied.

**DATED June 13, 2013.**

                                       **BY THE COURT:**

                                       **S/ F.A. Gossett**
                                       **United States Magistrate Judge**