## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

NUTECH VENTURES,

    *Plaintiff and Counterclaim Defendant,*

           **v.**

SYNGENTA SEEDS, INC. and
TRENTON AGRI PRODUCTS LLC,

    *Defendants and Counterclaim
Plaintiff Syngenta Seeds, Inc.*

**8:12-CV-00289**


**PROTECTIVE ORDER**

---

Plaintiff NUtech Ventures ("NUtech") and Defendants Syngenta Seeds, Inc. and Trenton Agri Products LLC (collectively "Defendants") have stipulated to the entry of this Protective Order.  (Filing 80.)  This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through and after the conclusion of this litigation.  This Protective Order applies to documents or things which contain confidential proprietary and business information and/or trade secrets ("Confidential Information") that are likely to be disclosed or produced during the course of discovery in this litigation.  The parties to this litigation identified above ("Parties" or individually a "Party") may assert that public dissemination and disclosure of Confidential Information could injure or damage the Party disclosing or producing the Confidential Information and could place that Party at a competitive disadvantage.  This Protective Order is intended to protect the respective interests of the Parties during discovery and to facilitate the progress of disclosure and discovery in this case.

## INFORMATION SUBJECT TO THIS ORDER

1.      Documents, physical objects, testimony and discovery responses containing Confidential Information disclosed or produced by any Party in this litigation are referred to as "Protected Documents," whether in paper or electronic form.  Except as otherwise indicated below, all documents, physical objects, testimony and discovery responses designated by the producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" and which are disclosed or produced to an attorney for the other Parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2.      The use of any Protected Documents and/or Confidential Information obtained by any Party from any person pursuant to discovery in this litigation shall be limited to and used solely for purposes of this litigation.

3.      Any document or tangible thing containing or including any Confidential Information may be designated as such by marking it "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" (as the case may be) prior to or at the time copies are furnished to the receiving Party.

4.      All Confidential Information not reduced to documentary, tangible, or physical form, or which cannot be conveniently designated, shall be designated by the producing Party by informing the receiving Party of the designation in writing.

5.      To the extent that Protected Documents and/or Confidential Information are used in depositions or at hearings, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony referring to the Protected Documents and/or Confidential Information.  Any deposition transcript, in whole or in part, may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL ONLY" by an appropriate statement at the time such testimony is given or thereafter by notifying the other Parties in writing of the portions of such testimony to be so designated within thirty (30) days from the date of the deposition. Upon such request, the reporter shall mark the original and all copies of the transcript as designated. Unless the Parties otherwise agree, the entire transcript of all depositions shall be deemed designated as "HIGHLY CONFIDENTIAL" for thirty (30) days from the date of the deposition. After such date, absent written notification that certain portions are to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," the transcript shall be deemed non-confidential. Any portions so designated shall thereafter be treated in accordance with the terms of this Order. Counsel for the Party whose Protected Documents and/or Confidential Information is being discussed, used, or otherwise disclosed at a deposition or hearing, may request that all persons other than the court reporter, videographer, the Court and its personnel, witness, and others authorized to view the Protected Documents and/or Confidential Information leave the deposition or hearing.

6.      In the event a deposition disclosing or discussing Protected Documents and/or Confidential Information is videotaped or recorded by other video means, the original and all copies of the videotape or other media containing the video shall be marked by the video technician to indicate that the contents of the videotape or other media containing the video are subject to this Protective Order, substantially as set forth below:

> This videotape contains confidential testimony subject to Protective Order in Civil Action No. 8:12-CV-00289-LSC-FG3 (D. Neb.) and is not to be viewed or the contents thereof to be displayed or revealed except in accord with such Protective Order, by order of the Court, or pursuant to written stipulation of the parties to the litigation.

3

7.      Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

8.      By way of non-limiting example, Protected Documents and/or Confidential Information in one or more of the following categories may qualify for the "CONFIDENTIAL" designation: information that (i) has not been made public; or (ii) concerns confidential research, development, or commercial information the disclosure of which the disclosing Party reasonably believes could cause harm to the business operations of the disclosing Party or provide improper business or commercial advantage to others.

9.      By way of non-limiting example, Protected Documents in one or more of the following categories may qualify for the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation: (i) trade secrets; (ii) nonpublic technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or depictions of the relevant technology; (iii) non-public damage-related information (*e.g.,* the number of products sold, total dollar value of sales products, costs, discounts, and profit margins); (iv) non-public financial information; (v) non-public business and/or marketing plans; (vi) non-public price lists and/or pricing information; and (vii) information obtained from a non-Party pursuant to a current Non-Disclosure Agreement ("NDA").  Nothing herein shall prejudice or waive in any way the rights of Parties to object to

4

the production of documents they consider not subject to discovery for any reason or operate as a consent to any discovery.

10.    Any documents (including physical objects) made available for inspection by counsel for the receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information and shall be subject to this Order.  Thereafter, the producing Party shall have a reasonable time to review and designate the appropriate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" prior to furnishing copies to the receiving Party.  At the initial (or any subsequent) inspection of the documents or things, the receiving Party shall not make copies of the documents produced. Copies of documents and copies of photographs and things requested by the receiving Party shall be made, Bates labeled, and delivered to the receiving Party by the producing Party.  Such process shall be performed as promptly as reasonably practical and shall not await the production or inspection of other documents or things.

## NO WAIVER

11.    Inadvertent or unintentional production of Protected Documents and/or Confidential Information which are not designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Upon request by the producing Party, the receiving Party shall immediately destroy or return all copies of such inadvertently produced document(s). The producing Party shall have the opportunity to reproduce or designate the returned documents with any of the aforementioned CONFIDENTIAL designations.  Any receiving Party will also make all reasonable efforts to retrieve any documents from anyone who had received the documents prior to the notification to the receiving Party of the inadvertent failure to designate

the material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" and who is no longer permitted to access the documents under the new designation.  The receipt of documents or information will not operate as an admission by the receiving Party that any particular "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information contains (or does not contain) or reflects (or does not reflect) trade secrets or any other type of confidential or proprietary information.

12.     The designation (or lack thereof) of Protected Documents and/or Confidential Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" shall not operate to prejudice or waive any claim or defense in this Action.

13.     Nothing herein shall prejudice or waive in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

14.     Nothing herein shall prejudice or waive in any way the rights of a Party to seek determination by the Court whether any Protected Documents and/or Confidential Information should or should not be subject to the terms of this Protective Order.  At any time after the delivery of Protected Documents and/or Confidential Information, counsel for the Party or Parties receiving the Protected Documents and/or Confidential Information may challenge the confidential designation of all or any portion thereof.  A receiving Party that elects to initiate a challenge to a producing Party's confidential designation must do so in good faith and serve a written objection, including a statement of the grounds for the objection, on the designating party or non-party.  The producing Party will have five (5) business days following the receipt of the objection to withdraw its CONFIDENTIAL designation or to withdraw or modify its designation of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" .  If the "CONFIDENTIAL"

6

designation is not withdrawn or if the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation is not withdrawn or modified as requested, the challenging Party may move the Court for an order removing the "CONFIDENTIAL" designation, and/or removing or modifying the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation. Notwithstanding any such dispute over any designation, including the filing of any related Motion, while any such dispute is ongoing, the receiving Parties will maintain the confidentiality of the information consistent with the other provisions of this Order until the issue is resolved by the Court or agreement is reached with the Producing Party.  In any court proceeding regarding the propriety of the designation of Protected Documents, the burden of proof with respect to the proprietary or correctness of the designation of information as Protected Documents shall rest upon the designating party.

15.     No Party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

### PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION

16.     Subject to the limitations set forth in this Order, Protected Documents and/or Confidential Information shall be disclosed only to the following persons ("Qualified Persons"):

(a)     Counsel of record in this action and other disclosed outside counsel for the Party or Parties receiving Protected Documents and/or Confidential Information;

(b)     Employees of such counsel (excluding experts and investigators) and outside vendors retained to assist such counsel in the preparation and trial of this action, provided such outside vendors agree to maintain the confidentiality of documents pursuant to this Protective Order;

(c)    Experts or consultants that are disclosed and qualified pursuant to the terms of Paragraphs 19-20 below, including their administrative assistants, secretaries, and other members of the clerical and administrative staffs of those experts or consultants;

(d)    The Court, including the United States District Court for the District of Nebraska, any appellate court with jurisdiction over any appeal from the Litigation (collectively the "Court"), and Court personnel assisting the Court in its adjudicative functions;

(e)    Court reporters and officers, all other stenographic reporters and videographers engaged for depositions or proceedings necessary to this action, professional vendors, and all staff members to whom disclosure is reasonably necessary for this litigation;

(f)    Any person (a) who is identified as an author or recipient, including receipt by copy, of any document, information therein or tangible medium and is not otherwise shown prior to disclosure not to have received the document, information therein or tangible medium, (b) who testifies that they have previously been provided with the document, information therein, or tangible medium, or (c) who is the original source of the information.  Notwithstanding the foregoing, during a deposition counsel for any party may show a witness a Protected Document and/or Confidential Information for the purposes of inquiring whether the witness has previously seen the document;

8

(g)     Persons whom the producing Party agrees in writing or on the record at a deposition may be shown "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" material;

(h)     Two individuals for each Party who are either in-house counsel for the Party or an agent authorized in good faith by a Party to negotiate terms of a licensing and/or settlement agreement with another Party in regards to the subject matter of this litigation, provided that the receiving party has signed the Agreement attached hereto as Exhibit A;

(i)     Jury consultants and/or mock jurors who have been informed of the requirement to maintain Protected Documents and/or Confidential Information as such and have agreed to do so.

17.     All Qualified Persons, other than the Court and Court personnel, receiving Protected Documents and/or Confidential Information shall receive a copy of this Order and shall be informed by Counsel of their obligations under this Order, prior to receiving any Protected Documents and/or Confidential Information.

18.     Notwithstanding this provision, Protected Documents and/or Confidential Information designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" shall not be disclosed to any person allowed access under Paragraph 16(h).  Counsel for a Party may give advice and opinions to his or her client regarding this litigation based on his or her evaluation of designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information received by the Party provided that such rendering of advice and opinions shall not reveal the content of such Protected Documents and/or Confidential Information except by prior written agreement with counsel for the producing Party.

## DISCLOSURE TO EXPERTS OR CONSULTANTS

19.     Before counsel for a Party receiving Protected Documents and/or Confidential Information may disclose any such material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" to a proposed expert or consultant:

(a)     Counsel shall provide a copy of this Protective Order to such person, who shall sign the Agreement attached hereto as Exhibit A; and

(b)     At least seven (7) calendar days before the first such disclosure, counsel for the receiving Party shall notify the producing Party in writing of the intent to disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" material to such person.  The notice shall include a copy of Exhibit A signed by the person and shall identify his or her title, job responsibilities and affiliation(s) with the receiving Party. The notice shall also include a copy of such person's most recent curriculum vitae, which shall include an identification of all such person's past and present employment and/or consulting relationships for the last five years, and any previous or current relationship (personal or professional) with any of the Parties (and/or their predecessors or successors-in-interest).

20.     No "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" material shall be disclosed to any person identified in Paragraph 19 until after the expiration of seven (7) calendar days, commencing with the service of said notice in writing upon counsel of record for the producing party.

(a) If any party objects to the disclosure of Protected Documents to such person within this seven (7) calendar day period, no such disclosure of Protected

10

Documents shall be made to that person without prior approval of the Court or the objecting party.  Any such objection shall be made for good cause and must be in writing, stating with particularity the reasons for the objection.

(b) Should the receiving party disagree with the basis for the objection(s), the party must first attempt to resolve the objection(s) by conferring directly (in voice to voice dialogue) with counsel for the producing party. If the informal efforts do not resolve the dispute within five (5) calendar days, the objecting party bears the burden to notify the Court and request that the discovery material not be disclosed to the person objected to by the producing party. Such notice shall consist of a letter not exceeding three (3) pages in length outlining the nature of the dispute and attaching relevant materials.  Within five (5) calendar days of receiving such a letter, any opposing affected party or non-party witness may submit a responsive letter not exceeding three (3) pages attaching relevant materials.  The producing party shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s).  Pending a ruling by this Court upon any such objection(s), the discovery material shall not be disclosed to the person objected to by the producing party.

## LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION

21.     This Protective Order has no effect upon, and shall not apply to, a producing Party's use of its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" for any purpose.

22.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and may testify concerning all Protected Documents and/or Confidential

11

Information of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

(a) A present or former director, officer, or employee of a producing Party may be examined and may testify at deposition or trial concerning all Protected Documents and/or Confidential Information which has been produced by that Party and either (i) identifies on its face the director, officer, and/or employee as an author or recipient, (ii) concerns a subject matter of which the director, officer, and/or employee has knowledge, or (iii) concerns a topic about which said director, officer, and/or employee has been identified or designated to testify regarding.

(b) Non-Parties may be examined or testify at deposition concerning any document containing Protected Documents and/or Confidential Information of a producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-Party as a result of any contact or relationship with the producing Party or a representative of the producing Party, but may not retain originals or copies of such Protected Documents and/or Confidential Information or any notes or transcripts reflecting such Protected Documents and/or Confidential Information, other than for the limited period of time necessary to review any deposition transcripts and make corrections provided, however, that the transcript and exhibits may be reviewed by the witness only in the offices of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in this case and under the supervision

12

of one of the lawyers who is bound by the terms of this Order). Any person other than the witness, his or her attorney(s), or any Qualified Person shall be excluded from the portion of the examination concerning such information, unless the producing Party consents to persons other than Qualified Persons being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the producing Party shall request that the attorney provide a signed statement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Documents and/or Confidential Information disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Documents and/or Confidential Information.

## PRIVILEGED MATERIALS

23.    Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the producing Party becomes aware of any inadvertent or unintentional disclosure, the producing Party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the producing Party.  Upon request by the producing Party, the receiving Party shall immediately destroy or return all copies of such inadvertently produced document(s) in its possession.  Any receiving Party will also make all reasonable efforts to retrieve any such inadvertently produced

documents from anyone who had received the documents prior to the notification to the receiving Party of the inadvertent or unintentional disclosure.  Nothing herein shall prevent the receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation in the same manner as outlined in Paragraph 14.

## NONPARTY USE OF THIS PROTECTIVE ORDER

24.    This Protective Order shall afford all nonparties who produce any Protected Documents and/or Confidential Information the same protections afforded to the Parties to this action.  Specifically, nonparties shall be entitled to mark any documents "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" and shall also be able to designate any deposition testimony "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY." The Parties to this action will treat such marked information per the terms of the protective order and such marked documents shall be entitled to the same protections under this Order as documents marked by Parties to the litigation.

25.    A nonparty producing information or material voluntarily or pursuant to a subpoena, court order, or discovery request may designate such material or information pursuant to the terms of this Protective Order.

26.    A nonparty's use of this Protective Order to protect its Protected Documents and/or Confidential Information does not entitle that nonparty access to the Protected Documents and/or Confidential Information produced by any Party.

## PROSECUTION BAR

27.    No person who accesses any "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information shall engage in prosecution of any patent application or any proceeding permitting the introduction, addition or amendment of any patent claims in the same

14

technological field and that is related to the information contained in the accessed information, for two (2) years after the last time such person accesses the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information.  Such persons, however, may assist in any post-grant or reexamination proceeding concerning the patentability or validity of the patent-in-suit. This paragraph does not apply to experts or consultants who receive "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information pursuant to Paragraph 20.  This paragraph also does not apply if individuals access "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information through a public proceeding, for instance if such information is presented in open court.

## MISCELLANEOUS PROVISIONS

28.     The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

29.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or which contain information so designated  shall be filed or lodged under seal.

30.     Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Local Rules and Federal Rules of Civil Procedure.

31.     Within fifteen (15) days of termination of this action by dismissal or entry of final judgment not subject to further appeal, or settlement, each party shall destroy the Protected

Documents it has received and any other documents or things including Confidential Information, including but not limited to correspondence, memoranda, notes and other work product materials. Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all correspondence, pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any Confidential  Information for archival purposes only. A Certification of Destruction signed by counsel shall be provided to the Producing Party within ten (10) calendar days of the destruction of the material.

32.     This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

33.     Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by an outside counsel of record for the Party against whom such waiver will be effective. For purposes of this provision an e-mail will constitute a writing signed by the sender.

34.     If a receiving party learns that, inadvertently or otherwise, it has disclosed Protected Documents and/or Confidential Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the producing party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Documents and/or Confidential Information, (c) inform the person or persons to

16

whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment To Be Bound" that is attached hereto as Exhibit A.

35.     If at any time documents containing Protected Documents and/or Confidential Information are subpoenaed or otherwise requested through litigation or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every Party who has produced such documents and to its counsel and shall provide each such Party with an opportunity to object to the production of such documents or information.  If a producing Party does not take steps to prevent disclosure of such documents or information within ten (10) business days of the date written notice is given, the Party to whom the referenced subpoena is directed may produce such documents and/or information in response thereto.

36.     The United States District Court for the District of Nebraska is responsible for the interpretation and enforcement of this Agreed Protective Order.  After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Documents and/or Confidential Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation.

37.     This Protective Order shall become effective as between the Parties immediately upon submission to the Court for approval, notwithstanding the pendency of approval by the Court.  If approval by the Court is ultimately withheld or made conditional, no Party shall treat any designated Protected Documents and/or Confidential Information produced prior to that time

other than as provided in this Protective Order without giving the producing Party sufficient advance notice to allow for application to the Court for additional relief.

38.     Nothing herein shall prevent the Parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any Protected Documents and/or Confidential Information.

**IT IS SO ORDERED.**

**DATED June 14, 2013.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NUTECH VENTURES, | |
| *Plaintiff and Counterclaim Defendant,* | **C.A. NO. 8:12-CV-00289-LSC-FG3** |
| v. | |
| SYNGENTA SEEDS, INC. and TRENTON AGRI PRODUCTS LLC, | **STIPULATED PROTECTIVE ORDER** |
| *Defendants and Counterclaim Plaintiff Syngenta Seeds, Inc.* | |

I,_____, hereby acknowledge that, as an

expert or consultant under Paragraphs 16(c) and 19-20 or as another nonparty of the Protective

Order ordered by the Court in this case, I am about to receive Protected Documents and/or

Confidential Information as defined in the Protective Order.

I certify my understanding that the Protected Documents and/or Confidential Information

are being provided to me pursuant to the terms and restrictions of the Protective Order, and that I

have been given a copy of and have read and understood my obligations under that Protective

Order.  I hereby agree to be bound by the terms of the Protective Order.  I clearly understand that

the Protected Documents and/or Confidential Information and my copies or notes relating thereto

may only be disclosed to or discussed with those persons permitted by the Protective Order to

receive such material.

19

I will return on request all materials containing Protected Documents and/or Confidential Information, copies thereof, and notes that I have prepared relating thereto, to outside counsel for the party to the litigation by whom or on whose behalf I am retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I make the above statements under penalty of perjury.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]

Address/Phone:

_____

_____

_____